UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on October 30, 2025

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. |
| | : |
| v. | : MAGISTRATE NO. 26-MJ-53 |
| | : |
| FULANI HASAN TAHRIKE HERROD, | : VIOLATIONS: |
| | : |
| Defendant. | : 18 U.S.C. § 922(g)(1) |
| | : (Unlawful Possession of Ammunition by a |
| | : Person Convicted of a Crime Punishable by |
| | : Imprisonment for a Term Exceeding One |
| | : Year) |
| | : |
| | : D.C. Code § 22-4503(a)(1) |
| | : (Unlawful Possession of a Firearm (Prior |
| | : Conviction)) |
| | : |
| | : D.C. Code § 22-4514(a), (c)(1) |
| | : (Possession of a Prohibited Weapon |
| | : (Felony)) |
| | : |
| | : FORFEITURE: |
| | : 18 U.S.C. § 924(d); 21 U.S.C. § 853(p); and |
| | : 28 U.S.C. § 2461(c) |
| | : |
| | : |

INDICTMENT

The Grand Jury charges that:

<u>COUNT ONE</u>

On or about March 8, 2026, within the District of Columbia, **FULANI HASAN TAHRIKE HERROD**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in Montgomery County, Maryland Circuit Court, Criminal Case No. C-15-CR-23-001115, did unlawfully and knowingly receive and possess

ammunition, that is, 9-millimeter ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of 18 U.S.C. § 922(g)(1))

## COUNT TWO

On or about March 8, 2026, within the District of Columbia, **FULANI HASAN TAHRIKE HERROD**, knowing he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, owned, kept, and had within his possession and control, a firearm.

**(Unlawful Possession of a Firearm (Prior Conviction)**, in violation of D.C. Code § 22-4503(a)(1))

## COUNT THREE

On or about March 8, 2026, within the District of Columbia, **FULANI HASAN TAHRIKE HERROD**, did unlawfully have in his possession a ghost gun.

**(Possession of a Prohibited Weapon (Felony)**, in violation of D.C. Code § 22-4514(a), (c)(1))

## FORFEITURE ALLEGATION

1.     Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offenses, including but not limited to a Polymer80, 9-millimeter handgun and 9-millimeter ammunition.

2

2.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

(**Criminal Forfeiture**, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c))

JEANINE FERRIS PIRRO                                     A TRUE BILL:
UNITED STATES ATTORNEY


By: *Christine M. Macey*
CHRISTINE M. MACEY                                      FOREPERSON.
Assistant United States Attorney

3